UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
McHARLAND COTIERE,

        Plaintiffs,

- against -

UNION PRESIDENT NORMAN SEABROOK,

        Defendants.
------------------------------------------------------------X

**MEMORANDUM & ORDER**
14-CV-0487 (RRM)(LB)

ROSLYNN R. MAUSKOPF, United States District Judge.

Plaintiff McHarland Cotiere, currently incarcerated at Rikers Island Correctional Center, brings this *pro se* complaint pursuant to 42 U.S.C. § 1983. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted, and his request for the appointment of *pro bono* counsel is denied with leave to renew if future circumstances merit granting such an application. For the reasons stated below, plaintiff's is granted thirty (30) days leave to submit an amended complaint.

## BACKGROUND

Plaintiff alleges that on November 18, 2013, the New York City Department of Correction bus that was scheduled to take him to court never left Rikers Island. Plaintiff alleges that defendant Norman Seabrook, the head of the Correction Officer's union, ordered a general "slowdown" to prevent one particular inmate from testifying against a corrections officer in a case unrelated to plaintiff. See generally Compl.; Exhibit A. Plaintiff seeks monetary damages.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a

prisoner seeks redress from a governmental entity or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007); see also Liner v. Goord, 196 F.3d 132,134 & n.1 (2d Cir. 1999) (noting that under Prison Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory).

At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008).

## DISCUSSION

In order to state a § 1983 claim, a plaintiff must allege (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)). Section 1983 does not create any independent

substantive right; but rather is a vehicle to "redress ... the deprivation of [federal] rights established elsewhere." Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999).

Liberally construed, plaintiff appears to assert a claim for denial of access to the courts. It is well established that prisoners have a constitutional right to "adequate, effective, and meaningful" access to the courts. Bounds v. Smith, 430 U.S. 817, 822 (1977); see also Lewis v. Casey, 518 U.S. 343, 346 (1996); Bourdon v. Loughren, 386 F.3d 88, 92–93 (2d Cir. 2004). However, for a defendant's conduct to provide a basis for an inmate to invoke his right of access to the courts, that conduct must cause "actual injury" or "materially prejudice" the inmate. Edwards v. Horn, No. 10 Civ. 6194, 2012 WL 760172, at *6 (S.D.N.Y. Mar. 8, 2012).

Here, plaintiff has failed to articulate any cognizable injury that he suffered as a result of not being brought to Court on a given day. He simply alleges that defendant's conduct was "intentional and malicious. Emotional/Mental Distress suffering is the result because of the defendant." Compl. at ¶ Relief. Monsky v. Moraghan, 127 F.3d 243, 247 (2d Cir. 1997) ("emotional distress and humiliation ... might be consequential damages components of a section 1983 claim in which actual injury to court access was sufficiently alleged, they are not the type of actual injury that gives rise to a constitutional claim of denial of access to the courts.").

## LEAVE TO AMEND

Accordingly, in light of this Court's duty to liberally construe *pro se* complaints, plaintiff is given leave to file an amended complaint within thirty (30) days of the date of this Memorandum and Order. Should plaintiff elect to file an amended complaint he must allege facts in support of his claim of denial of access to the court. Plaintiff should state whether his hearing was rescheduled, and what, if any, prejudice he suffered as a result. Moreover, he must clearly state how any such delay caused him actual injury. See Iqbal, 556 U.S. at 676 ("a plaintiff

must plead that each Government-official defendant, through the official's own individual actions, violated the Constitution.").

The amended complaint must be captioned as an "Amended Complaint," and bear the same docket number as this Order. No summons shall issue at this time and all further proceedings shall be stayed for 30 days.[1]

If plaintiff fails to amend his complaint within 30 days as directed by this order, the Court shall enter judgment.

The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to transmit a copy of this Memorandum and Order to plaintiff *pro se* via U.S. Mail, and to note the mailing on the docket.

                                         SO ORDERED.

Dated: Brooklyn, New York                *Roslynn R. Mauskopf*
       May 29, 2014                      _____
                                         ROSLYNN R. MAUSKOPF
                                         United States District Judge

---

[1] Plaintiff's requests for the appointment of counsel are denied at this time as the Court has determined that as pled his action is not viable.