UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MCHARLAND COTIERE,

        Plaintiff,

   - against -

NORMAN SEABROOK,

        Defendant.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**
14-CV-0487 (RRM) (LB)

ROSLYNN R. MAUSKOPF, United States District Judge.

    Plaintiff McHarland Cotiere brought this *pro se* action on January 16, 2014. (*See* Doc. No. 1.) In short, Cotiere alleged that the New York City Department of Correction bus scheduled to take him to court on November 18, 2013, never left Rikers Island because defendant Norman Seabrook, the head of the Correction Officer's union, ordered a general "slowdown" to prevent another inmate from testifying against a corrections officer in an unrelated case. (*Id.*) On May 29, 2014, this Court issued a Memorandum and Order granting Cotiere's request to proceed *in forma* pauperis, denying his request to appoint *pro bono* counsel, and dismissing his complaint with leave to amend. (*See* Doc. No. 12.)

    On June 24, 2014, Cotiere filed what the Court construes to be an amended complaint. (Doc. No. 13.) Presumably relying on the same facts alleged in Cotiere's original complaint, the brief amended complaint "seek[s] some sort of reimbursement" because Cotiere allegedly "had to pay $2500.00 for absolutely nothing" when his Correction bus did not leave Rikers Island, since "[a]lthough [Cotiere] wasn't present for court on that date, [his] lawyer and co-counsel still showed up[,] which means they earned their pay." (*Id.* at 1–2.) For the reasons explained below, the amended complaint is dismissed.

# DISCUSSION

Although a *pro se* plaintiff must satisfy pleading requirements, the Court is "obligated to construe a *pro se* complaint liberally." *See Harris v. Mills*, 572 F.3d 66, 71–72 (2d Cir. 2009) (citations omitted). In other words, the Court holds *pro se* complaints to a less exacting standard than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Boykin v. KeyCorp*, 521 F.3d 202, 213–14 (2d Cir. 2008) (citation omitted). Instead, the Court reads *pro se* pleadings to "raise the strongest arguments that they suggest." *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) (internal citations omitted). Even affording Cotiere's complaint the most liberal reading and drawing all reasonable inferences his favor, however, the amended complaint fails to state a claim for which relief can be granted. At best, Cotiere's new allegations gesture vaguely toward some state tort injury. Nothing in the amended complaint remedies the defects previously identified by the Court, or articulates a basis for a federal cause of action.

As such, the amended complaint must be dismissed. Generally, if a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court should grant leave to amend. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Here, however, leave to amend was already granted. And because the deficits in the amended complaint are substantive rather than structural, another attempt would be futile. The Court therefore declines to grant leave to amend the already amended complaint. *See Perez v. New York City Dep't of Corr.*, No. 10-CV-2697 (RRM) (RML), 2013 WL 500448, at *2 (E.D.N.Y. Jan. 17, 2013) (citing *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008)).

## CONCLUSION

For the foregoing reasons, the amended complaint (Doc. No. 13) is dismissed and the Clerk of Court is directed to close this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is further directed to transmit a copy of this Order to plaintiff *pro se* via U.S. Mail, and to note the mailing on the docket.

SO ORDERED.

Dated: Brooklyn, New York
July 3, 2014

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge